TRAUTH v. MOTHE

(January 27, 1930. Opinion and Decree.)
(March 10, 1930. Rehearing Refused.)
(March 31, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

482

Hugh M. Wilkinson, A. Miles Coe and Fred W. Oser, of New Orleans, attorneys for plaintiff, appellee.

Bond, Curtis, Hall & Foster, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. Plaintiff, Trauth, brings this suit against the defendant, Mothe, for damages for personal injuries which he suffered as a result of a collision between his motorcycle and an automobile belonging to defendant and operated at the time of the accident by his 19-year-old daughter. There was judgment below in favor of plaintiff in the sum of $1,678.50, and defendant has appealed.

Trauth, who, at the time of the accident, was employed by the highway department as a motorcycle traffic officer, was, on the 18th day of August, 1927, about at the hour of 4 o'clock, stationed on the west bank of the Mississippi river inspecting traffic near the Algiers Ferry landing. A truck belonging to the police department of the city of New Orleans driven by an electrician employed by the city by the name of Fager, was observed by Trauth to bear no license tag, whereupon he mounted his motorcycle and pursued the Fager truck which turned west on Seguin street, overtaking the truck in the middle of the block between Alix and Eliza streets, and colliding with the Peerless automobile of defendant as he did so. The negligence imputed to the driver of defendant's automobile consists in the charge that Miss Mothe moved obliquely across the path of traffic from the left-hand side to the right-hand side of the street.

In denying liability defendant placed all responsibility for the accident with plaintiff, averring that the speed of plaintiff's motorcycle was excessive and that he was on the left or wrong side of the street, and that he was guilty of violation of that provision of the traffic ordinance prohibiting any vehicle from attempting "to pass two other vehicles which are driving abreast, or nearly abreast, except on avenues or boulevards sufficiently wide to carry three lines of traffic abreast."

It appears that Miss Mothe was parked on the left-hand side of Seguin street and desired to cross over to the right-hand side. She was driving a Peerless roadster which was parked parallel with the left-hand curb. When she started to cross Seguin street, which is a two-way street, the traffic in sight was moving towards her and, according to her testimony, about 100 feet away. As she reached a point at about the middle of the street, which she had traversed obliquely, she narrowly escaped colliding with the Fager truck and was struck on the front bumper by plaintiff's motorcycle, which had just emerged from the left side of the Fager truck. Miss Mothe placed the point of contact with the motorcycle of plaintiff as near the right-hand curb, and claims to have straightened out and assumed a course parallel with the right curb. In other words, she contends that she had successfully negotiated the traffic in the middle of the street and had assumed her proper position on the right-hand side of the roadway, when she was struck by the motorcycle which she states was running very fast. She estimates this speed at 40 miles an hour. But we believe Miss Mothe to be mistaken and find it difficult to account for the accident in that manner.

As to the speed of the motorcycle,

which she puts at 40 miles an hour and plaintiff at one-half that figure, it happens that the motorcycle was equipped with an especially constructed speedometer which would register its maximum speed by means of a separate hand on the dial called the "Max hand." This hand, which continues to point to the maximum speed until the speedometer is readjusted, indicated, when examined after the accident, that plaintiff had not exceeded 20 miles per hour. It affords mute and convincing evidence that plaintiff's speed was not immoderate.

As to the charge that plaintiff was on the left of the truck, and therefore negligent, he was passing the truck on its left side, where he should have been under the circumstances, a fact which counsel for defendant recognized during the argument of the case, and this charge of negligence is therefore no longer insisted upon.

But defendant's counsel strenuously contends that the plaintiff was guilty of violating article 1, subdivision 3(d), of the Traffic Ordinance Number 7490 C. C. S., which we have quoted above. It will be remembered that the traffic ordinance prohibits vehicles from attempting to pass two other vehicles "which are driving abreast except on avenues or boulevards sufficiently wide to carry three lines of traffic abreast." In this case one of the vehicles which the plaintiff attempted to pass was stationary, i. e., parked, and though the other, the Fager truck, had reached a point about abreast of it, it was not "driving abreast." If a motorcycle can be said to be a vehicle within the meaning of the ordinance, and if Seguin street is neither an avenue nor a boulevard, we are of opinion that the words "two other vehicles which are driving abreast" does not apply where one of the vehicles is parked against the curb or otherwise, because the prohibition in the ordinance would make it exceedingly difficult for one vehicle to pass another in a residential neighborhood. in view of the well-known practice of owners of automobiles parking their cars in front of their residences. We do not believe that such was the intent of the ordinance. However, independently of any express legal provision, one guilty of imprudence in passing another vehicle, under circumstances which would deter a prudent driver from doing so, may well be said to be negligent. In this case, however, we believe the sole cause of the accident was the action of Miss Mothe in driving obliquely across traffic, without making sure that there was sufficient time for her to do so. If, as she testifies, she was parked parallel with the left-hand curb of Seguin street and observed the traffic moving towards her about 100 feet distant, and if that traffic was moving at a rate of 20 miles per hour, and if her speed, after getting straightened out, was 15 miles per hour, the gap between her and the oncoming traffic was closing with such rapidity that it was impossible for her to negotiate the crossing. She admits that she gave no warning signal of any kind to indicate her intention to cross the street and she could not be seen by plaintiff because the Fager truck was between him and her automobile obstructing his view.

It is probable that Miss Mothe, in concluding that she could effect the crossing in time, failed to consider the fact that she could not immediately cross at a right angle, as it was necessary for her to proceed forward and toward the traffic before assuming a rectangular course.

We, like the trial judge, are of the opinion that the accident was due entirely to the fault of Miss Mothe, the driver of defendant's automobile, and conclude that defendant is liable for plaintiff's injuries.

As to the quantum there does not seem to be any dispute. It is not discussed and was not mentioned in argument.

For. the reasons assigned the judgment appealed from is affirmed.

JANVIER, J., took no part.